WEIMER, J.,
dissenting.
hi respectfully dissent.
As the majority acknowledges, the 1995 amendment of Article 136 of the Mineral Code extended the obligation of pre-suit written notice for claims beyond those involving drainage. Following the amendment, the mineral lessor seeking “relief’ from a lessee “arising'from, drainage of the property leased or from any other claim that the lessee has failed to develop and operate the property leased as a prudent operator,” must give written notice asserting the breach and allow time for performance by the lessee prior to invoking judicial demand for damages. (Emphasis added.)
We are bound by the statutory language of the provision and must apply the law as written. When the wording of a section is clear and free of ambiguity, the |2letter of it shall not be disregarded under the pretext of pursuing its spirit. LSA-R.S. 1:4. See also, LSA-C.C. art. 9; LSA-C.C.P. art. 5052.
I find a remediation and restoration claim falls within the language of “any other claim” specified in Article 136. A claim for remediation and restoration arises from a failure to develop and operate the property leased as a reasonably prudent operator. Thus, such claims are subject to the pre-suit notice provided by Article 136. As did its statutory ancestor “putting in default,” Article 136 serves the salutary purpose of potential dispute resolution prior to resorting to litigation.[1]

. Louisiana has a long history of requiring notice which has its genesis in the requirement of "putting in default.” One purpose of putting in default is to encourage amicable resolution of conflicts. 6 Saul Litvinoff, Louisiana Civil Law Treatise: The Law of Obligations § 1.1, p. 2; § 1.8, p. 9; and § 1.9, p. 11.